UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEE TRAIL, <br><br> Plaintiff, <br><br> -against- <br><br> NEW YORK CITY DEPT. OF CORRECTIONS, <br><br> Defendant. | 20-CV-3793 (LGS) <br><br> ORDER OF SERVICE |

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff, currently detained at the Vernon C. Bain Center in the custody of the New York City Department of Correction (DOC), brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff alleges that housing and testing policies at Rikers Island for handling COVID-19 illness show deliberate indifference to a risk of serious harm to him.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.   Pro Se Representation

A litigant proceeding *pro se* "must be litigating an interest personal to him," *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Plaintiff cannot bring suit on behalf of others. *See* 28 U.S.C. § 1654; *see also Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976) (holding that it is plain error to permit a prisoner to bring a class action on behalf of fellow inmates). Although Plaintiff Lee Trail lists himself as the sole Plaintiff in this action and is the only individual to have submitted an *in forma pauperis* application, he includes in the

complaint a list of 27 inmate names and labels it "Corona-19 Class Action List." (ECF 2, at 13). For the avoidance of doubt, the Court therefore clarifies that this matter proceeds with Lee Trail as the sole plaintiff.

**B.     Claims against the New York City Department of Correction**

Plaintiff's claims against the New York City Department of Correction (DOC) must be dismissed. As an agency of the City of New York, the DOC is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Claims against the DOC must be brought against the City of New York.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the New York City Department of Correction with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**C.     Electronic Service on the City of New York**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

# CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Clerk of Court is directed, under Fed. R. Civ. P. 21, to add the City of New York as a Defendant.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package, to his address of record at VCBC. The Clerk of Court is further directed to mail a copy of this order to Plaintiff at the following address: 103-07 Flatlands Ave., Apt. 5E, Brooklyn, NY 11236.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 18, 2020
       New York, New York

                                                   **LORNA G. SCHOFIELD**
                                                   **UNITED STATES DISTRICT JUDGE**